DLD-026                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3307
_____

EUGENE DOUGLAS MANNING,
Appellant

v.

ZACHARY I. MILLS, ASSISTANT DISTRICT ATTORNEY;
MATTHEW DREW FOGAL, DISTRICT ATTORNEY; FRANKLIN COUNTY
PENNSYLVANIA; CITY OF CHAMBERSBURG; COMMONWEALTH OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-01069)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 5, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Eugene Manning appeals from the District Court's sua sponte

dismissal of his amended complaint.  There being no substantial question presented, we

will grant the Appellees' motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In April 2013, Manning, then incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Assistant District Attorney ("ADA") Mills and District Attorney ("DA") Fogal violated his rights in connection with his prosecution on multiple stalking and harassment charges. Manning also named the Borough of Chambersburg, Franklin County, and the Commonwealth of Pennsylvania as defendants. The Magistrate Judge recommended that his complaint be dismissed for failure to state a claim. The District Court agreed and sua sponte dismissed Manning's complaint with prejudice pursuant to 28 U.S.C. § 1915A(b). This appeal followed.[1]

State prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). They also enjoy absolute immunity for actions undertaken in preparation for judicial proceedings or for trial, as long as those actions occur in the course of their roles as prosecutors. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Supervisory prosecutors are also absolutely immune both from suits for acts undertaken in relation to an individual trial, and from suits charging that they failed to provide adequate training

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal of Manning's complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

and supervision. <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 346-49 (2009). Here, Manning's complaint sought monetary relief from ADA Mills and DA Fogal, both of whom are absolutely immune from suit under § 1983. Accordingly, the District Court properly dismissed Manning's complaint as to the two prosecutors.

We also agree with the District Court that both the Borough of Chambersburg and Franklin County cannot be held liable under § 1983. Counties and municipalities cannot be held constitutionally liable under the theory of respondeat superior. <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989); <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 690-91 (1978). They can be held liable only when the execution of an official policy or custom leads to a constitutional transgression. <u>Monell</u>, 436 U.S. at 694; <u>see also</u> <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996). Nowhere in his complaint did Manning allege that his claimed injuries were inflicted by such a policy or custom. Accordingly, the District Court properly dismissed his complaint as to the Borough of Chambersburg and Franklin County.

Finally, the District Court properly determined that the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity. The Eleventh Amendment protects a state from a § 1983 suit, unless the state has waived its own immunity, <u>see</u> <u>MCI Telecomm. Corp. v. Bell Atl.-Pa.</u>, 271 F.3d 491, 503-04 (3d Cir. 2001), and Pennsylvania has expressly withheld its consent to be sued. <u>See</u> <u>Lavia v. Pa. Dep't of Corr.</u>, 224 F.3d 190, 195 (3d Cir. 2000); <u>see also</u> 42 Pa. Cons. Stat. § 8521(b).

In sum, the District Court properly dismissed Manning's complaint based on prosecutorial immunity, Eleventh Amendment immunity, and Manning's failure to

3

establish that his alleged injuries were the result of the execution of an official municipal or county custom or policy. Under the circumstances presented, the District Court did not abuse its discretion in dismissing Manning's complaint without offering leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002). For the foregoing reasons, we grant the Appellees' motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Manning's motion to introduce newly obtained evidence is denied.[2]

---

[2] To the extent that Manning is attempting to challenge his convictions, such challenges are only cognizable in a habeas petition pursuant to 28 U.S.C. § 2254 after exhausting state remedies as required by 28 U.S.C. § 2254(b) & (c). See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).